IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDAY TOLIVER                                                                                    PLAINTIFF

v.                                              Civil No. 4:20-cv-4039

HOPKINS COUNTY JAIL; JASON MITCHELL,
Managing Attorney at Law; CARLTON JONES,
Judge; and CONNIE MITCHELL, Prosecutor,
MILLER COUNTY JAIL                                                                     DEFENDANTS

## ORDER

Before the Court is the issue of preservice screening pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Randay Toliver filed this case *pro se* pursuant to 42 U.S.C. § 1983 on February 3, 2020, in the United States District Court for the Northern District of Texas. (ECF No. 3). On May 13, 2020, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 21). Under the PLRA, the Court must review complaints in civil actions in which a prisoner seeks redress from a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(b).

## I. BACKGROUND

Plaintiff filed his Complaint on February 3, 2020, in the Northern District of Texas. (ECF No. 3). On February 6, 2020, the case was transferred to the Eastern District of Texas. (ECF No. 4). On February 25, 2020, Plaintiff filed an Amended Complaint. (ECF No. 8). On May 5, 2020, Plaintiff's application to proceed *in forma pauperis* was granted. (ECF No. 18). On May 13, 2020, the Eastern District of Texas transferred the case to the Western District of Arkansas, Texarkana Division. (ECF No. 21).

Plaintiff is currently incarcerated in the Hopkins County Jail in Sulphur Springs, Texas. In his amended complaint, Plaintiff has filed suit against the Miller County Jail, Jason Mitchell—Plaintiff's public defender, Carlton Jones—an Arkansas state court judge, and Connie Mitchell—the prosecutor

in Plaintiff's criminal proceeding.[1] (ECF No. 8). Plaintiff describes his claim against Attorney Mitchell as, "Asst. Irrealivant [sic] representation, unlawful imprisonment, mental distress, cruel punishment, slander, defamation of character." *Id.* at p. 3. His claim against Judge Jones is characterized as "unlawful Imprisonment" and his claims against Prosecutor Mitchell are described as, "unlawful imprisonment, cruel punishment, defamation of character, slander." *Id.* Specifically, Plaintiff alleges:

> Jason Mitchell pretended to help me, in my court case for ten months. The charges were dropped the first couple of months of being locked up at Miller County Jail. I met Jason the 3rd time I went to court. Two months had passed and he kept me in jail for 10 extra months. He lied to me the entire 10 months. I asked for a speedy trial, because he lied and said it's going to trial. For every 2 to 3 months he would set-off court dates. I would try to tell him my daughter is in foster care. But he would blow it off and say he can't help that. So due to being locked up in Miller County Jail I lost my daughter to foster care, because of incaseration [sic].
>
> The Judge's name is Carlton Jones and he kept signing the set-off slips every time Jason Mitchell presented it to him. Because I was being held unlawfully for one year in Miller County Jail. The depression and stress of this nightmare he caused me and my daughter to have mental distress problems. Jason Mitchell is over the prosecutor's office and public defender's office. His relative Connie Mitchell is next in place to Jason Mitchell. They put me on television and the newspaper.

(ECF No. 6, pp. 5-7).

Plaintiff also makes several statements concerning conditions of confinement in the Miller County Detention Center ("MCDC"). He states in part:

> This jail is always overcrowded, because of inmates' civil rights being violated . . . the jailer's would even place other Inmates in the cells with inmates on protected custody. Just to see them get beat up bad. Sometimes even almost killed. See, In the E pod cells or protected custody cells. The intercoms don't work. So, If someone is getting beat almost to death. No one can help them. The jailers do this all of the time. I've seen Inmates beat unconscious. This jail has black mold all around the showers and walls. There's spit, urine, and poo, all around the toilets and shower area's. Inmates get rashes, break outs of bomps, [sic] staff break outs, and bad diarea [sic] . . . I received many threats often from other client Inmates of Jason Mitchell. This lawyer should be Investigated and brought to justice for these criminal acts of violence.

---

[1] Plaintiff did not name the Hopkins County Jail as a defendant in the Amended Complaint.

(ECF No. 8, pp. 7-8). Plaintiff does not allege he suffered any injury from the alleged conditions. It is not clear in what capacity Plaintiff is suing Defendants and Plaintiff does not identify the relief he is seeking.

## II. APPLICABLE LAW

Under the PLRA, the Court must screen a case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Plaintiff has asserted claims against the Hopkins County Jail, Jason Mitchell, Carlton Jones, Connie Mitchell, and the MCDC. The Court will now separately address whether Plaintiff has stated a cognizable claim against each individual defendant.[2]

---

[2] Although Plaintiff's amended complaint does not list the Hopkins County Jail as a defendant, the Court will construe the pleadings liberally in light of Plaintiff's *pro se* status and include the Hopkins County Jail in its screening analysis.

### A. Hopkins County Jail

Although the Hopkins County Jail is listed in the caption of the case, Plaintiff does not name the Hopkins County Jail as a defendant in his Amended Complaint, nor does he make any allegations against it. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted). Plaintiff's failure to allege any facts establishing a causal link between the Hopkins County Jail and the alleged constitutional deprivations is fatal to his claims against it. Moreover, the Hopkins County Jail is a building, not a legal entity subject to suit under 42 U.S.C. § 1983. *See, e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (stating that a "jail is not an entity that is amenable to suit"); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757 (N.D. Ill. 1993) (finding that a jail is not subject to suit). For these reasons, Plaintiff's claims against the Hopkins County Jail should be dismissed without prejudice.

### B. Public Defender Jason Mitchell

Defendant Jason Mitchell, a public defender who represented Plaintiff during his criminal proceedings, is not subject to suit under section 1983. A section 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir. 1999). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981). While performing their duties, public defenders retain all the essential attributes of a private attorney, including, most importantly, their "professional independence," which the State is constitutionally obliged to respect. *Id.* at 321-322. Thus, when

4

representing an indigent defendant in a state criminal proceeding, public defenders do not act under color of state law for purposes of section 1983 because they are "not acting on behalf of the State; he is the State's adversary." *Id.* at 323 n.13.

Plaintiff has not alleged that Defendant Jason Mitchell acted outside a lawyer's traditional functions as defense counsel at any time. Thus, under Plaintiff's alleged facts, Jason Mitchell was not acting under color of state law while representing Plaintiff. Accordingly, Defendant Jason Mitchell is not subject to suit under section 1983. For this reason, the Court finds Plaintiff has failed to state cognizable claims under section 1983 against Defendant Jason Mitchell, and those claims should be dismissed with prejudice. *See Horvath v. Lineberger*, No. 4:07-cv-0257-SWW/BD, 2007 WL 1866895, at *3 (E.D. Ark. June 28, 2007) (dismissing section 1983 claim against a public defender with prejudice).

### B. Judge Carlton Jones

Defendant Carlton Jones is a state court judge who presided over Plaintiff's criminal proceedings. "Judges performing judicial functions enjoy absolute immunity from [section] 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is overcome in only two situations: (1) if the challenged act is non-judicial; or (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Whether an act performed by a judge is "judicial" is determined by: (1) the nature of the act itself, i.e., whether it is a function normally performed by a judge; and (2) the expectation of the plaintiff, i.e., whether he dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362.

Plaintiff has failed to allege that any action taken by Judge Jones was non-judicial or taken without jurisdiction. Rather, Plaintiff's allegations regarding Judge Jones relate to actions he took in his capacity as judge. "Regardless of whether the decisions made by the judge[] were right or wrong,

5

legal or unlawful, they were made with proper jurisdiction and in the performance of the [judge's] judicial duties." *Kraklio v. Conard*, No. 3:09-cv-158, 2010 WL 11614161, at *3 (S.D. Iowa Apr. 20, 2010). Thus, it is clear from the allegations of the complaint that neither of the above-listed exceptions to judicial immunity applies in this case. Accordingly, Judge Jones is immune from suit and Plaintiff's claims against him should be dismissed with prejudice. *See Grazzini-Rucki v. Knutson*, 597 F. App'x. 902, 904 (8th Cir. 2015) (per curiam) (affirming the dismissal with prejudice of section 1983 claims based on judicial immunity).

### C. Prosecutor Connie Mitchell

Plaintiff's claims against Defendant Connie Mitchell, a prosecutor, are also subject to dismissal. A prosecutor enjoys absolute immunity from suit under section 1983 for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006); *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987).

"Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). However, prosecutors do not enjoy absolute immunity from suits for damages arising out of functions performed outside the role of advocate. *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013).

In determining whether a prosecutor's actions are entitled to absolute immunity, courts apply a "functional approach," which looks to "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). A prosecutor's administrative or investigative actions that do not relate to the initiation of a prosecution do not qualify

for absolute immunity. *Id.* at 273. Determining where to draw the line between functions that are immunized and functions that are not immunized can be difficult. *Imbler*, 424 U.S. at 431 n.33. A prosecutor seeking the protection of absolute immunity "bears the burden of showing that such immunity is justified for the function in question." *Burns v. Reed*, 500 U.S. 478, 486 (1991).

Here, Plaintiff's claims against Defendant Connie Mitchell all concern her actions as an assistant district attorney. Accordingly, the claims against Defendant Connie Mitchell should be dismissed with prejudice. *See Herzog v. Wiche*, No. 8:07-cv-498, 2009 WL 995568, at *1 (D. Neb. Apr. 14, 2009) (dismissing section 1983 claims with prejudice based on absolute prosecutorial immunity).

### D. Conditions of Confinement at the MCDC

Finally, Plaintiff makes various allegations regarding his conditions of confinement at the MCDC. To the extent that he has asserted an Eighth Amendment claim against the MCDC, the claim fails because the MCDC is a building, not a legal entity subject to suit under 42 U.S.C. § 1983. *See, e.g.*, *Dean*, 951 F.2d at 1214; *Marsden*, 856 F. Supp. at 836 (stating that a "jail is not an entity that is amenable to suit"). Consequently, Plaintiff's claims against the MCDC should be dismissed without prejudice.

Even if this was not a bar to suit, Plaintiff's claim against the MCDC fails for other reasons. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Id.* (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id.*

The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *see also Butler v. Fletcher,* 465 F.3d 340, 345 (8th Cir. 2006) (deliberate indifference standard applies to claims brought by pretrial detainees that prison officials failed to provide adequate food, clothing, shelter, etc.). Pursuant to the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Moreover, any injury resulting from conditions of confinement must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Keeping these principles in mind, the Court will now turn to the examination of the conditions of confinement alleged in Plaintiff's Complaint.

Plaintiff alleges that the MCDC was overcrowded, jailers permitted inmates to be attacked, he received threats from inmates represented by Defendant Jason Mitchell, intercoms were inoperable, the facility contained black mold, and the area around the toilets and showers were unsanitary, causing other inmates to develop rashes and diarrhea. However, Plaintiff does not claim these conditions created an excessive risk to his health or safety, nor does he allege that he suffered any actual injury because of these conditions. *See Irving*, 519 F.3d at 448 (stating that a prisoner must suffer an actual injury to state an Eighth Amendment claim). Accordingly, Plaintiff fails to state any claims against

8

the Miller County Detention Center based on his conditions of confinement. Those claims should be dismissed without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants Jason Mitchell, Carlton Jones, and Connie Mitchell are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).[3] Plaintiff's claims against Miller County Detention Center and the Hopkins County Jail are **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to terminate this case.

**IT IS SO ORDERED**, this 1st day of June, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[3] Because Plaintiff's claims against Defendants Jones and Connie Mitchell are being dismissed based on immunity, the Court cannot impose a dismissal strike pursuant to 28 U.S.C. § 1915(g). *Castillo-Alvarez v. Krukow*, 768 F.3d 1219, 1220 (8th Cir. 2014).